UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEROY ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW MORRISON and<br>MARCUS HOLTON,<br><br>    Defendants. | No. 13 CV 8622<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss [22] is granted. Terminate civil case.

## STATEMENT

Two prison guards, defendants Morrison and Holton, ordered plaintiff Anderson, an inmate, to descend slippery and garbage-covered stairs in Stateville Correctional Center, while handcuffed behind his back. Knowing that the stairs were slippery and dangerous, defendants did not assist Anderson, and Anderson fell down head first. He suffered significant and lasting injuries. Anderson filed suit against the guards, alleging, pursuant to 42 U.S.C. § 1983, a violation of his rights under the Eighth Amendment. Defendants move to dismiss the complaint for failure to state a claim.

The Eighth Amendment, applicable to the states through the due process clause of the Fourteenth Amendment, protects prisoners from hazardous prison conditions. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Pyles v. Fahim*, — F.3d —, No. 14-1752, 2014 WL 5861515, at *4 (7th Cir. Nov. 13, 2014) (citations omitted). To state a claim, plaintiff must allege that the defendants "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles*, 2014 WL 5861515, at *4. "Sufficiently serious" in this context means that the conditions posed a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 (citation omitted).

Defendants argue that the slippery stairs did not pose the risk required for liability under the Eighth Amendment.* Plaintiff's response is that slippery stairs are dangerous, and forcing an inmate to walk down them while handcuffed is akin to forcing a prisoner to work outdoors with heavy tools, without gloves in winter—an Eighth Amendment violation. *See* [28] at 2 (citing *Smith v. Peters*, 631 F.3d 418 (7th Cir. 2011)); *see also Smith*, 631 F.3d at 420.

This case is more like *Pyles* than *Smith*. In *Pyles*, the court of appeals held that slippery stairs in Menard Correctional Center did not create a sufficiently serious risk of harm. 2014 WL 5861515, at *6. The plaintiff in *Pyles* fell down wet stairs, hit his head, and lost consciousness, *see id.* at *1, much like Anderson did here. Anderson's claim is slightly different in that he was handcuffed behind his back (adding to the difficulty in traversing slippery stairs), but I conclude that the risk of falling down slippery stairs, even while handcuffed, is not sufficiently serious to state an Eighth Amendment claim. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling inmates in slippery showers does not create an unconstitutionally unsafe condition) (cited in *Pyles*, 2014 WL 5861515, at *6 n. 25).

Defendants' motion to dismiss is granted. Because plaintiff has had one opportunity to amend his complaint with the assistance of experienced counsel, this dismissal is with prejudice.

ENTER:

Date: 11/19/14

Manish S. Shah
U.S. District Judge

---

* Defendants do not dispute that the complaint alleges the requisite state of mind. Rightly so, since the complaint adequately alleges that defendants knew of the condition of the stairs, refused Anderson's requests for assistance, and ordered him down the stairs anyway. *See* [17] ¶¶ 3–5.

2